Fred M. HARVEY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12400.

United States Court of Appeals Sixth Circuit.

Nov. 17, 1955.

Llewellyn A. Luce, Washington, D. C., for petitioner. Llewellyn A. Luce, Washington, D. C., on the brief.

Louise Foster, Washington, D. C., for respondent. H. Brian Holland, Ellis N. Slack, Hilbert P. Zarky, Louise Foster, Washington, D. C., on the brief.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the transcript of the record, the briefs of the parties, and the argument of counsel in open court. It appears that the Tax Court held that a trustee in certain trusts created and granted by petitioner in favor of his minor children could not be considered, for income tax purposes, as a partner in a partnership of petitioner and his wife; and that the income payable to such trusts was properly taxable to petitioner.

The issue determinative of the case rests upon the control reserved over the trusts in question by petitioning grantor. According to the trust agreements, petitioner reserved full power to remove the trustee of the two trusts and to appoint his successor. Furthermore, he could pledge the trust interests for any business purpose which he considered advisable and could also authorize and direct the sale of the trust interests and the investment of the funds received from such sales in any securities he thought proper. Moreover, the trustee was not authorized to sign or execute any instrument on behalf of the beneficiaries unless he had first obtained the written approval of petitioner.

The foregoing constituted a reservation of control on the part of the grantor inconsistent with the rights and powers of a trustee and is persuasive that the essentials of a bona fide partnership were lacking, inasmuch as petitioner retained the substantial enjoyment of the rights he purported to have given away. The case is distinguishable from that considered by this court in Miller v. Commissioner, 203 F.2d 350. There, the grantor was the trustee and remained accountable for the faithful discharge of his trust. Here, the grantor was not the trustee, and, as a result, was not so accountable. The trustee in the instant case had practically no powers over the trusts that were not subject to the will of the grantor who thereby remained the substantial owner of the interests he purported to give away.

The decision of the Tax Court is affirmed.